## No. 312
### TAPLIN-RICE-CLARKIN CO. v. RAMSEY

Ohio Court of Appeals, Summit County
No. 683. Jan. 17, 1923

ACTIONS—(1) Bringing action prematurely—(2) Technical error, not prejudicial—ERROR—(3) No error committeed where a disputed contract submitted to jury; (4) Verdict against the weight of evidence—(5) Cross-examination of one of company's officers.

FUNK, J.

### Epitomized Opinion

On Oct. 30, 1920, Ramsey filed his claim in the municipal court of Akron for labor and materials furnished in the construction of a building and asked judgment in the sum of $674.79. Defendant filed a motion to make the statement of claim more definite and certain as to dates, which was sustained. Thereupon on Nov. 15, 1920, plaintiff filed an amended petition setting forth the dates of the account, the last date being Aug. 31, 1920. Defendant then filed an answer and cross-petition. A verdict was rendered for paintiff, which on appeal to the common pleas court was sustained. Error was then prosecuted to the court of appeals, defendant claiming that the action was prematurely brought, that there was error in the court's charge, that the verdict was against the weight of evidence, and that it was error to permit the plaintiff to cross-examine one of the officers of the defendant company. It appeared in evidence that no mechanic liens had been filed by the plaintiff or others, and that the plaintiff had filed no affidavit or statement as required by statute. In sustaining the judgment of the lower court, it was held:

1. Although GC. 8312, providing for the filing of a statement including all accounts is a prerequisite to the rendition of a judgment within 60 days from the date of the last item furnished or labor performed, where defendant answers to the merits and no liens appear by way of record, the defendant cannot insist that the action was prematurely brought.

2. Even if it could for any reason be claimed that the action was prematurely brought, it is clear from the record that such error would be purely technical and not prejudicial.

3. As the instant case does not present a question of construction of a contract, but a question of what was the contract agreed upon, the court properly charged and submitted the agreement to the jury.

4. As the verdict was supported by some evidence it was not manifestly against the weight of evidence.

5. As GC. 11497 authorizes the cross-examination of an officer of a defendant company, it is not error to permit plaintiff to call such officer for cross-examination.

Attorneys—Holloway & Chamberlain, for Taplin-Rice-Clarkin Co.; Myers and Brown, for Ramsey.

## OHIO LEGISLATURE
### NEW LAWS
#### Passed by the 1923 General Assembly

The Ohio Law Abstract Service will consist of copies of general laws of interest to the Bench and Bar, some of which will be printed herein every week.

### Suspension of Sentence During Pendency of Error (C. H. B. 36)

Sec 13698. When a person has been convicted of any bailable offense, including the violation of an ordinance of a municipal corporation, in the court of common pleas, or by any magistrate, mayor or officer inferior to the court of common pleas, and gives notice in writing to the trial court or magistrate of his intention to file, or apply for leave to file, a petition in error, such court, magistrate, mayor, or other officer may suspend execution of the sentence or judgment for such fixed period as will give the accused time to prepare and file, or to apply for leave to file, a petition in error, and such suspension shall be upon condition that the accused enter into a recognizance with sureties to be approved by the court, magistrate, mayor or other officer by whom the sentence or judgment was pronounced, conditioned that the accused will prosecute such error proceedings without delay and abide the judgment or sentence of the court. (Feb. 28, 1923.)

### Tax Levies for State Purposes (H. B .1)

Sec. 7575. For the purpose of affording the advantages of a free education to all the youth of the state, there shall be levied annually a tax of 2.65 mills, the proceeds of which shall be retained in the several counties for the support of the schools therein. In addition thereto there shall be an "educational equalization fund" which shall consist of such sums as the General Assembly may appropriate from the general revenue fund.

Takes effect September 1, 1923; all delinquent or omitted taxes levied as of the year 1922 and collected after September 1, 1923, shall, so far as the proceeds of the levy of 15-100ths of one mill, provided for by said original Section 7575 and of the levy provided for by said original 1230 are concerned, be credited and distributed to the general revenue fund in the state treasury. (Jan. 4, 1923.)

Sec. 1230 GC. repealed by Section 2 of this act.

### Sale of Personal Property of Estates (S. B. 4)

Sec. 10697. Within three months after the date of this bond, the executor or administrator shall sell the whole of the personal property belonging to the estate, which is liable for payment of debts and is assets in his hands to be administered, except promissory notes, unless as otherwise provided herein, and claims, demands, and rights in action which can be collected by him, and bonds and stocks when the sale thereof is not necessary to pay debts; and also except the following:

(1) Such as the widow or widower desires to take at the valuation of the appraisers, he or she securing payment therefor to the executor or administrator as other purchasers;

(2) Property specifically bequeathed, until the residue of the personal estate is sold, and found to be insufficient to pay the debts of the estate;

(3 The executor or administrator may defer the